## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME YOUNG<br>1017 W 5th Street<br>Apt 2, 2nd Floor<br>Erie, PA 16057 | : <br> : <br> : <br> : <br> : |
| Plaintiff, | : |
| v. | : <br> : |
| ALL SERVICE BUILDING<br>MANAGEMENT CORP<br>2811 Wellington Rd<br>Erie, PA 16506<br>     and<br>SERVICEMASTER CONTRACT<br>SERVICES BY UVEGES<br>1320 Irwin Drive, Unit I<br>Erie, PA 16505<br>     and<br>RYAN UVEGES<br>c/o<br>ALL SERVICE BUILDING<br>MANAGEMENT CORP<br>2811 Wellington Rd<br>Erie, PA 16506 | : <br> : |
| Defendants. | : |

**CIVIL ACTION**

No.:  1:17-cv-250

**JURY TRIAL DEMANDED**

### CIVIL ACTION COMPLAINT

Plaintiff, Jerome Young (*hereinafter* referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

#### I.      Introduction

1.      Plaintiff has initiated this action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA - 29 U.S.C. § 201 *et. seq.*) and applicable state law(s).  As a direct consequence of Defendants' unlawful actions, Plaintiff seek damages as set forth herein.

## II.    Jurisdiction and Venue

2.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.  This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

3.      This Court may properly maintain personal jurisdiction over Defendants because of their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.      Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III.    Parties

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff is an adult individual with an address as set forth above.

7.      Defendant All Services Building Maintenance Corp., is a private company that owns and operates a business providing janitorial, floor cleaning and specialty services.

8.      Defendant ServiceMaster Contract Services by Uveges is a commercial cleaning company providing janitorial services and professional cleaning.

9.      Defendant Ryan Uveges (*hereinafter* "Defendant Uveges") is upon information and belief the owner of Defendant All Services Building Maintenance Corp. who oversees daily operations, manages operations, and who exercises authority and control over the terms and conditions of employees including but not limited to terms of compensation, wages and pay of employees.[1]

10.      Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendant Entities are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

11.      At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendants.

## IV.      Factual Background

12.      The foregoing paragraphs are incorporated herein as if set forth in full.

13.      Plaintiff worked for Defendants for approximately eight (8) years beginning in 2009 (although Defendant Uveges refused to actually place Plaintiff on the payroll until in or about 2010).

14.      During his employment with Defendants, Plaintiff was employed performing various manual labor duties, including cleaning and janitorial services (solely by way of example: cleaning windows, mopping, removing trash, stripping and waxing floors, staining and shampooing rugs, and cleaning new construction locations).

---

[1] Defendant Entities and Individual Defendant are *hereinafter* collectively referred to as "Defendants" unless indicated otherwise.

15.    Defendants serve industries such as healthcare, education, government, hospitality, and manufacturing.

16.    Defendants assigned Plaintiff to work performing janitorial services at various client locations throughout his employment, including for example only: EMTA Bus Company ("Erie Metropolitan Transit Authority"), a National Fuel Gas Company, an Air Conditioning Company, and Mercyhurst College (among others).

17.    While Defendants provided Plaintiff with the label of "supervisor," he does not have the ability to hire or terminate employees, and did not evaluate employees or perform typical supervisory functions.

18.    Additionally, Plaintiff did not make decisions for Defendants concerning matters related to operating the business, such as entering into binding contracts, advertising matters, or other fiscal matters.

19.    Most, if not all, of Plaintiff's job duties consists of routine cleaning/manual labor duties for Defendants on a daily basis and he does not exercise any meaningful discretion in the performance of his job.

20.    Plaintiff is paid at an hourly rate of $11.00.

21.    For years, Plaintiff has worked significant overtime for Defendants, sometimes working upwards of 80 hours per week or more (particularly in the summer months after school lets out). Yet, Defendants' paystubs for Plaintiff only reflect 40 hours per week regardless of hours worked.

22.    During the summer months, Plaintiff will routinely come in for an 8-hour shift for one client, and then return for the afternoon to work an afternoon shift for another client; this is a

normal occurrence for his weekly schedule (thus resulting in working well over 40 hours in a week as to the summer months).

23.     For the workweeks that Plaintiff worked overtime (as discussed *supra*), Defendants failed sometimes failed to pay Plaintiff any wages ("straight time") let alone at a rate of time-and-a-half for those overtime hours.

24.     While employed with Defendants as a maintenance lead, Plaintiff was at all times relevant herein unequivocally a non-exempt employee who should have been paid overtime for all hours worked over 40 hours per week at a rate of time and one half.

**Count I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime Wages)**
**-Against All Defendants-**

25.     The foregoing paragraphs are incorporated herein as if set forth in full.

26.     At all times relevant herein, Defendants are, and continue to be, "employers" within the meaning of the FLSA.

27.     At all times relevant herein, Plaintiff was an "employee" within the meaning of the FLSA.

28.     The FLSA requires covered employers, such as Defendants, to minimally compensate its "non-exempt" employees, such as Plaintiff, at a rate of 1.5 times the employee's regular rate of pay for each overtime hour that the employee works (*i.e.* hours in excess of 40 hours in a workweek).

29.     At all times during his employment with Defendants, Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

30.     Defendants knew that Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

31.     Defendants failed to pay Plaintiff 1.5 times Plaintiff's regular rate of pay for each hour that he worked over 40 each workweek.

32.     As a result of Defendants' failure to pay Plaintiff the overtime compensation due him, Defendants violated the FLSA and caused Plaintiff to suffer damages in the form of unpaid overtime compensation.

33.     Individual Defendant is personally liable because he was the owner of Defendant Entities and was responsible for the terms and conditions of employment for Plaintiff including but not limited to his compensation. Individual Defendant was also responsible for perpetuating unlawful payroll practices and ratifying same.

### Count II
### Violations of the Pennsylvania Minimum Wage Act ("PMWA")
### (Failure to Pay Overtime Wages)
### -Against All Defendants-

34.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35.     At all times relevant herein, Defendants are, and continue to be, "employers" within the meaning of the PMWA.

36.     At all times relevant herein, Plaintiff was employed by Defendants as an "employee" within the meaning of the PMWA.

37.     The PMWA requires covered employers, such as Defendants, to minimally compensate its "non-exempt" employees, such as Plaintiff, 1.5 times the employee's regular rate of pay for each hour that the employee works over 40 in a workweek.

38.     At all times during his employment with Defendants, Plaintiff was a "non-exempt" employee within the meaning of the PMWA.

39.     Defendants knew that Plaintiff was a "non-exempt" employee within the meaning of the PMWA.

40.     Defendants failed to pay Plaintiff time and one half for all hours that he worked over 40 each workweek.

41.     Defendants' failure to pay Plaintiff's wages and overtime compensation as aforesaid constitute violations of the PMWA.

42.     Individual Defendant is personally liable because he was the owner of Defendant Entities and was responsible for the terms and conditions of employment for Plaintiff including but not limited to his compensation. Individual Defendant was also responsible for perpetuating unlawful payroll practices and ratifying same.

**Count III**
**Violation of the Pennsylvania Wage Payment Collection Law ("WPCL")**
**(43 P.S. 260.3(a)-(b))**
**-Against All Defendants-**

43.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44.     Plaintiff had an agreement with Defendants whereby Defendants agreed to compensate Plaintiff for services he performed during his employment.

45.     Defendants failed to compensate Plaintiff for all wages owed during his employment.

46.     Plaintiff performed the agreed-upon services for Defendants, and Defendants failed to properly compensate Plaintiff for the services rendered as specified by the Parties' employment agreement (included but not limited to paying Plaintiff for all hours worked before his scheduled start time, after hours, and on weekends).

47.     These actions as aforesaid constitute violations of the Pennsylvania Wage

Payment and Collection Law.

48.     Defendant Uveges is personally liable because he was the owner of Defendant Entities and was responsible for the terms and conditions of employment for Plaintiff including but not limited to his compensation. Defendant Uveges was also responsible for perpetuating unlawful payroll practices and ratifying same.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to be prohibited from continuing to maintain its illegal policy, practice or custom of unlawfully paying employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.     Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings and any other owed compensation.

C.     Plaintiff is to be awarded liquidated damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F.      Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).


                                         Respectfully submitted,

                                         **KARPF, KARPF & CERUTTI, P.C.**


                                         Ari Karpf, Esq.
                                         3331 Street Road
                                         Two Greenwood Square
                                         Suite 128
                                         Bensalem, PA 19020
                                         (215) 639-0801

Dated: September 15